**Michael R. OLSEN; Sheila Olsen, Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

**No. 99–71419.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2001[1].

Decided Jan. 24, 2001.

---

Before BEEZER, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

### MEMORANDUM[2]

Michael R. and Sheila Olsen ("Olsens") appeal pro se the Tax Court's order granting the Internal Revenue Service's ("IRS") motion for entry of judgment based upon the parties' settlement agreement in the Olsens' action for redetermination of a tax deficiency in 1995. We have jurisdiction

pursuant to I.R.C. § 7482(a)(1). We affirm.

The Tax Court's enforcement of a stipulation is reviewed for an abuse of discretion. *See Bail Bonds by Marvin Nelson, Inc. v. Commissioner,* 820 F.2d 1543, 1547 (9th Cir.1987). A stipulation is treated as a conclusive admission by the parties to the stipulation unless otherwise permitted by the court or agreed upon by those parties. *See* Tax Ct. R. 91(e). The Tax Court will not permit a party to a stipulation to qualify, change, or contradict a stipulation in whole or in part, unless manifest injustice will result. *See Bail Bonds,* 820 F.2d at 1546.

Here, the Olsens negotiated the terms of, and stated that they agreed to, the stipulations that were read into the Tax Court's record. In addition, the Olsens presented insufficient evidence that their consent was procured by fraud, coercion, or any misconduct by the government. Moreover, the Olsens presented no evidence of any other condition that would render enforcement of the stipulated agreement manifestly unjust. Accordingly, the Tax Court did not abuse its discretion by entering the decision pursuant to the stipulated agreement. *See Bail Bonds,* 820 F.2d at 1548.

AFFIRMED.

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.